**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50401 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02917-AJB-1 |
| v. | |
| MIGUEL BARON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Miguel Baron appeals the district court's denial of his motion to suppress

evidence seized during a warrantless probation search. We affirm. On balance, the

search of Baron's truck was reasonable.[1]

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1] Baron's residence was also searched. However, because no evidence from
that search was used against Baron, it is not relevant to our analysis.

The probation search of Baron's truck did not violate the Fourth Amendment. In determining whether the search was reasonable, "we balance, 'on the one hand, the degree to which [the search] intrudes upon an individual's privacy and, on the other, the degree to which [the search] is needed for the promotion of legitimate governmental interests.'" *United States v. Lara*, 815 F.3d 605, 610 (9th Cir. 2016) (alterations in original) (quoting *United States v. Knights*, 534 U.S. 112, 119 (2001)).

Baron's privacy interest was minimal. First, as a probationer, Baron's privacy interest was "significantly diminished." *See Knights*, 534 U.S. at 119-20. Second, Baron's vehicle, where the gun was found, was subject to "a reduced expectation of privacy." *See California v. Carney*, 471 U.S. 386, 393 (1985). Third, Baron's probation terms "unambiguously informed" him that his vehicle was subject to search. *See Knights*, 534 U.S. at 119.

The government's interest, on the other hand, was significant. "Probationary searches advance at least two related government interests—combating recidivism and helping probationers integrate back into the community." *Lara*, 815 F.3d at 612. "These are important interests whose strength in a particular case varies depending on the degree to which the government has a specific reason to suspect that a particular probationer is reoffending or otherwise jeopardizing his

reintegration into the community." *Id*. Here, the government had a "specific reason" to make the search, because Baron's name had come up several times prior to the search in connection with either shootings or thefts. *See id*.

**AFFIRMED**.